UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GRANT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CORRAL et al.,<br><br>　　　　　　Defendants. | No. 2:19-cv-01495-MCE-CKD PS<br><br><br>ORDER<br><br>(ECF No. 9) |

Presently before the court is defendants Jose Mendez and City of Sacramento's motion to dismiss.[1] (ECF No. 9.) Plaintiff has filed an opposition, and defendants filed a reply. The court held a hearing on defendants' motion on January 15, 2020, and has considered the briefing and the arguments at the hearing. For the following reasons, defendants' motion is denied.

Defendants' motion argued for dismissal because plaintiff's complaint "merely alleges that []he was sent a Notice and Order packet from the City and he disagreed with the content of it." (ECF No. 9-1 at 4.) According to defendants, "these allegations are insufficient to support a due process . . . cause of action." (Id.) Plaintiff's complaint, although not clear in places, does include allegations that a fine was imposed against him and alleges that his property was declared a nuisance. (ECF No. 4 Exs. A, B.) Plaintiff opposed defendants' motion alleging he attempted

---

[1] Defendant Michael Corral has not been served and has not entered.

1

to appeal the City's ruling, but the charges were "dropped." (ECF No. 11 at 3.) Defendants, in their reply, for the first time, argued that the entire case should be dismissed as moot because plaintiff admitted that the charges were "dropped" in his opposition. (<u>See</u> ECF No. 15 at 2.) However, defendants do not mention the fine or the declaration of nuisance, and no documents or declarations have been provided to the court to prove the status of the underlying action. At this juncture there is no evidence properly before the court to allow it to conclude that the charges underlying the present action have been dropped, and, if so, how that status affects plaintiff's due process and equal protection claims.

Accordingly, the court denies defendants' motion to dismiss.

Additionally, plaintiff filed a Second Amended Complaint without leave of court (ECF No. 17), which the court interprets as a request for leave to file an amended complaint. In the interest of justice and to allow plaintiff to have his claims fully heard, the court grants plaintiff leave to file his Second Amended Complaint. <u>See</u> Fed R. Civ. P. 15(a)(2). The Second Amended Complaint currently filed (ECF No. 17) shall be the operative complaint in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 9) is DENIED;

2. Plaintiff's request to amend his complaint is GRANTED, the Second Amended Complaint (ECF No. 17) shall be the operative complaint in this action; and

3. Pursuant to Rule 12(a)(4) defendants shall file a responsive pleading to the Second Amended Complaint within 14 days of this Order.

Dated: January 21, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.grant.1495

2