1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARK A. GRANT,                           No. 2:19-cv-01495-MCE-CKD PS

12                    Plaintiff,

13           v.                                FINDINGS AND RECOMMENDATIONS

14    MICHAEL CORRAL, et al.,                  (ECF No. 21)

15                    Defendants.

16

17          Presently before the court is plaintiff's motion to strike defendants' answer and

18    affirmative defenses. (ECF No. 21.) Defendants have filed an opposition. (ECF No. 23.) For

19    the reasons set forth below the court recommends GRANTING IN PART and DENYING IN

20    PART plaintiff's motion.

21          This case involves a dispute regarding the City of Sacramento's ("the City") use of code

22    violations against plaintiff and his property. (See generally ECF No. 17.) Read broadly,

23    plaintiff's complaint asserts that the defendants—the City, Jose Mendez, and Michael Corral—

24    violated his rights to due process and equal protection by their deficient administrative procedures

25    and discriminatory use of code violations. (Id.) The court denied defendants' motion to dismiss

26    (ECF No. 19), and defendants filed an answer. (ECF No. 20.) Plaintiff then filed a motion to

27    strike defendants' answer, which is presently before the court. (ECF No. 21.)

28    ////

                                                 1

1   **I.    LEGAL STANDARD**

2        Federal Rule of Civil Procedure 12(f) states that a district court "may strike from a

3   pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

4   The function of a 12(f) motion to strike is to avoid the expenditure of time and money that arise

5   from litigating spurious issues by dispensing with those issues prior to trial. <u>Whittlestone, Inc. v.</u>

6   <u>Handi-Craft Co.</u>, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted). Thus, the court

7   must determine whether the contested portions of defendants' pleading present (1) an insufficient

8   defense, or are (2) redundant, (3) immaterial, (4) impertinent, or (5) scandalous.

9   **II.   ANALYSIS**

10       Plaintiff moves to strike 32 of defendants' responses to 32 paragraphs of plaintiff's

11  complaint and all 10 of defendants' affirmative defenses.

12  A.     <u>Admissions and Denials</u>

13       In "short and plain terms," an answer must admit or deny each of the material allegations

14  raised in the complaint. Fed R. Civ. P. 8(b)(1). Parties are also permitted to plead lack of

15  sufficient knowledge or information, which is treated as a denial of the allegation addressed. Fed.

16  R. Civ. P 8(b)(5). Court's disfavor ruling on factual questions in motions to strike, and "absent a

17  finding of bad faith, factual allegations in the complaint (or answer) must be tested through the

18  normal mechanisms for adjudicating the merits." <u>PAE Gov't Servs., Inc. v.</u> MPRI, Inc., 514 F.3d

19  856, 859 n.3 (9th Cir. 2007).

20       All of plaintiff's objections to defendants' responding paragraphs state: "Defendants[']

21  denial to [the] allegation in paragraph [X] fails to state facts sufficient to constitute a defense,

22  since the defendants are in possession of the information and/or have the ability to acquire the

23  information necessary to form a belief as to the truth of the allegation(s)." (ECF No. 21 at 1–5.)

24       In reviewing plaintiff's motion and defendants' answer, the court cannot find a responding

25  paragraph that is redundant, immaterial, impertinent, or scandalous. Nor can the court conclude

26  that any of defendants' responses were made in bad faith. Accordingly, the undersigned

27  recommends DENYING plaintiff's motion to the extent he is requesting the court to strike

28  defendants' responses to the material allegations in plaintiff's complaint.

B.      Affirmative Defenses

Plaintiff also moves to strike all of defendants' 10 affirmative defenses.  Each of his objections state: "Defendants['] [X] Affirmative Defense Fa[i]ls to state facts sufficient to constitute a defense."  (ECF No. 21 at 5–6.)  Defendants, in opposition, assert that they "have plead[ed] each of their affirmative defenses with sufficient specificity and factual particularly to put Plaintiff on fair notice[.]"  (ECF No. 23 at 4.)

To sufficiently plead an affirmative defense, it must provide the opposing party "fair notice" of the issue raised.  See Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense"), overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc).  To provide fair notice, the defendant must "identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of facts upon which the defense is based."  United States v. Rite Aid Corp., No. 2:12-CV-1699-KJM-EFB, 2020 WL 230202, at *2 (E.D. Cal. Jan. 15, 2020) (internal quotations omitted).

Because motions to strike are often used as delaying tactics, they are generally disfavored and are rarely granted in the absence of prejudice to the moving party.  Harris v. Chipotle Mexican Grill, Inc., 303 F.R.D. 625, 628 (E.D. Cal. 2014).  "Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character.  Thus, even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party."  Greene v. Solano Cty. Jail, No. CIVS040917WBSDADP, 2004 WL 7334559, at *1 (E.D. Cal. Nov. 15, 2004) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381, at 421-22 (3d ed. 2004)).  However, when motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay, and are generally favored.  See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).

The court recommends granting plaintiff's motion to strike defendants' ninth affirmative defense but denying the remainder of plaintiff's motion.

////

1    Defendants' ninth affirmative defense is entitled "Arrest/Force" and states in its entirety,

2    "Each act or omission alleged in the complaint falls within the immunities and privileges set forth

3    in the California Penal Code, including but not limited to sections 834, 834a, 835, 836, and

4    836.5." (ECF No. 20 at 8.)  Not only is this defense void of any factual basis, it is unclear why

5    defendants are asserting statutes addressing arrest and use-of-force procedures as an affirmative

6    defense in a code violation case where no arrest or use of force is pleaded or alleged.

7    Accordingly, striking the defense, would "remove unnecessary clutter from the case" and

8    therefore serve to expedite, rather than delay. See Heller Fin., 883 F.2d at 1294.  The court

9    therefore recommends striking defendants' ninth affirmative defense without prejudice.

10    While the remainder of defendants' affirmative defenses are not ideal regarding their

11    factual assertions, the court cannot find prejudice by their inclusion, and plaintiff points to none in

12    his motion.  Rather, as mentioned, plaintiff attacks defendants' affirmative defenses in 10

13    identical paragraphs, which are one sentence each.  Because plaintiff has not asserted any

14    prejudice by the inclusion of defendants' affirmative defenses, as well as this court's general

15    aversion to motions to strike, the undersigned recommends denying the remainder of plaintiff's

16    motion.  See Harris, 303 F.R.D. at 628 ("[T]he court will deny plaintiffs' motion to strike

17    [defendants' affirmative defenses] because plaintiffs have failed to show they will suffer any

18    prejudice if the defenses are left in the defendants' Answer.").

19    **III.    CONCLUSION**

20    For the reasons set forth above, it is HEREBY RECOMMENDED that plaintiff's motion

21    to strike (ECF No. 21) be GRANTED IN PART and affirmative defense nine (Arrest/Force) be

22    STRICKEN without prejudice; and DENIED IN PART without prejudice as to the remainder of

23    plaintiff's motion.

24    These findings and recommendations are submitted to the United States District Judge

25    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26    after being served with these findings and recommendations, any party may file written

27    objections with the court and serve a copy on all parties.  Such a document should be captioned

28    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

4

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u> <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 3, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.grant.mts