UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GRANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CORRAL et al.,<br><br>　　　　Defendants. | No. 2:19-cv-01495-MCE-CKD PS<br><br><br>ORDER<br><br>(ECF Nos. 28, 30) |

Presently before the court is defendant Michael Corral's motion to set aside the default entered against him. (ECF No. 30.) Plaintiff has filed an opposition (ECF No. 35) to which Corral has replied. (ECF No. 37.) For the reasons that follow, the court SETS ASIDE the default entered against defendant Corral.

The present case involves the City of Sacramento and plaintiff disputing certain violations plaintiff was cited for regarding the condition of his home and property. Plaintiff names three defendants in his complaint: Michael Corral, Jose Mendez, and the City of Sacramento. (ECF No. 17.) On November 26, 2019, the City and Mendez filed a motion to dismiss. (ECF No. 7.) Defendant Corral was not joined in that motion, presumably because he had not yet been served. (See id.) On February 26, 2020, plaintiff filed an executed summons that attested to service of Corral on February 4, 2020. (ECF No. 26.) Also on February 26, 2020, plaintiff requested an entry of default against Corral, which the Clerk of Court entered on February 28, 2020. (ECF

1

Nos. 27, 28.) On March 3, 2020, Corral filed a motion to set aside the default, which is presently before this court. (ECF No. 30.)

Pursuant to Federal Rule of Civil Procedure 55(c) a court "may set aside an entry of default for good cause." An application under 55(c) to set aside a default is within the sound discretion of the trial court. Savarese v. Edrick Transfer and Storage, Inc., 513 F.2d 140, 146 (9th Cir.1975). Because of the preference for deciding cases on their merits whenever possible, motions for relief from default entries should be viewed liberally, see Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984), resolving all doubts in favor of the party seeking relief. See, e.g., Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir.1974); Butner v. Neustadter, 324 F.2d 783 (9th Cir.1963).

Plaintiff argues that defendant Corral was properly served through a "court liaison," while Corral argues that this "liaison" does not have authority to accept service for non-police employees. (ECF No. 30-1 at 3.) However, regardless of whether service was proper, the undersigned finds that Corral has shown good cause and therefore the default against him should be vacated. Corral attested that he was unaware of the lawsuit until default was entered against him on February 28, 2020. (ECF No. 30-3.) Six days later Corral filed the present motion to set aside the default. (ECF No. 30.) The court properly considers the timeliness of Corral's response, and his apparent lack of culpability as factors weighing in favor of setting aside the default. See Cook v. California Dep't of Corr., 2009 WL 2051434, at *1 (E.D. Cal. July 10, 2009) ("[T]he fact that a defaulted party acts quickly to cure the default and seek relief is viewed as a strong reason for the court to exercise its discretion to set aside the default."). As a result of these factors, along with the court's preference to address this case on the merits, the court finds that Corral has demonstrated good cause as to why default should be set aside.

Accordingly, it is HEREBY ORDERED that Michael Corral's motion (ECF No. 30) is GRANTED and the default entered against him (ECF No. 28) is SET ASIDE.

Dated: March 26, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.grant.1495