SUSANA ALCALA WOOD, City Attorney (SBN 156366)
**ANDREA M. VELASQUEZ, Senior Deputy City Attorney (SBN 249210)**
AVelasquez@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO, MICHAEL CORRAL,
JOSE MENDEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GRANT,<br><br>            Plaintiff,<br><br>   vs.<br><br>MICHAEL CORRAL; JOSE MENDEZ; CITY OF SACRAMENTO; and DOES 1 through 5,<br><br>            Defendants. | Case No.: 2:19-cv-01495-MCE-CKD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        January 20, 2020<br>Time:       10:00 a.m.<br>Courtroom: 24, 8th Floor<br>Hon.         Carolyn K. Delaney |

Defendants CITY OF SACRAMENTO ("City"), MICHAEL CORRAL, and JOSE MENDEZ submit the following Memorandum of Points and Authorities in support of their Motion for Summary Judgment.

**I**

**INTRODUCTION**

This case stems from the City's attempt to have Plaintiff remedy certain City Code violations that it believed were occurring at Plaintiff's property located at 909 Regatta Drive. Plaintiff disagreed with the City's findings, and successfully appealed.  After prevailing on his appeal and receiving reimbursement of all fees incurred, Plaintiff initiated this litigation against the City and Code Enforcement Officer Jose Mendez and Code Enforcement Manager

1

Michael Corral alleging they violated his civil rights. Specifically, Plaintiff alleges two causes of action for violation of Equal Protection and Conspiracy. (See, ECF Doc. 17.) As a matter of law, Defendants are not liable and are entitled to summary judgment.

## II

## FACTS

### A.   City of Sacramento's Code Enforcement Program

Sacramento City Code Chapter 8.04, entitled the "nuisance code" was adopted by City Council to provide a comprehensive method for the identification and abatement of certain public nuisances within the City. (Separate Statement of Facts "SSF" No. 1.) Public nuisance enforcement in the City is complaint driven and begins when the City receives a citizen complaint to Sacramento City 311, the centralized call center for the City. (SSF No. 2.) When a complaint is received by Sacramento City 311 it is routed to the Community Development Department, and those complaints concerning residential properties are routed to the Neighborhood Code Compliance Division. (SSF No. 3.) The Neighborhood Code Compliance Division opens a code enforcement case and assigns a code enforcement officer to investigate the complaint. (SSF No. 4.) The code enforcement officer conducts an initial site inspection to determine if a code violation exists on the subject property. (SSF No. 5.) Where a code violation is confirmed to exist, the assigned code enforcement officer may proceed in one of two ways: (1) issue a preliminary letter to the property owner identifying the violative activities or conditions observed and ask for voluntary abatement, or (2) issue a notice and order packet. (SSF No. 6.) The notice and order packet is written notification served upon the property owner that certain conditions or activity on their property constitute a public nuisance and mandates that the owner take corrective action within 30-days to bring the property into compliance; and if they fail to do so then the City is authorized to perform the abatement. (SSF No. 7.) The City is required to record upon the property a notice of pendency of the action with the Sacramento County Recorder's Office at the time of issuance of the notice and order packet. (SSF No. 8.) Upon receipt of a notice and order packet, the property owner has 30-days to appeal and pay the $400 appeal fee. (SSF No. 9.) The filing of

an appeal automatically stays the 30-day voluntary abatement timeline and stays all enforcement action until a final decision is rendered. (SSF No. 10.)

### B. Plaintiff's Property at 909 Regatta Drive

Plaintiff is the owner of residential property located at 909 Regatta Drive, Sacramento, California 95833. (SSF No. 11.) A code enforcement case, case number 18-018110 was opened on his property on July 2, 2018 when the City received a complaint about the lawn, a partial fence in the front yard, vehicles and boats, and junk in the yard. (SSF No. 12.) The case was assigned to code enforcement officer Michael Corral. (SSF No. 13.)

In August 2018, Plaintiff received a notice and order packet from the City which identified five issues that the City alleged were code violations and made his property a public nuisance. (SSF No. 14.) The City recorded a notice of pending enforcement proceeding on Plaintiff's property with the Sacramento County Recorder's Office on August 24, 2018. (SSF No. 15.) After receipt of the notice and order packet, Plaintiff filed a timely appeal and paid the $400 appeal fee. (SSF No. 16.) On the date of the hearing, the City informed Plaintiff that his case was dismissed. (SSF No. 17.) The City refunded Plaintiff the $400 appeal fee in January 2019. (SSF No. 18.) On January 6, 2019, the City recorded a termination of the declaration of public nuisance on Plaintiff's property with the Sacramento County Recorder's Office. (SSF No. 19.)

### C. Plaintiff's Lawsuit Against the City

In the operative Second Amended Complaint, Plaintiff alleges two civil rights causes of action for violation of the Equal Protection Clause and Conspiracy to violate the Equal Protection Clause. (ECF Doc. No 17.) Plaintiff alleges he suffered emotional distress during the time that the recording of pending enforcement existed on his property, between August 24, 2018 and January 6, 2019. (SSF No. 20.) Plaintiff alleges the City unlawfully targeted his property for enforcement in violation of the Equal Protection Clause. (SSF No. 21.) Plaintiff alleges similarly situated properties in his neighborhood have had code violations which the City decided not to enforce, specifically including the following properties: 3051 Northstead Drive; 3142 Northstead Drive; the property next door; and 910 Regatta, and 865 Regatta. (SSF No. 22.) The City's code enforcement records reveal that between 2016 and February

2020, there were 12 code enforcement cases opened for eight properties in Plaintiff's neighborhood excluding Plaintiff's. (SSF No. 23.) During this time, the City opened three code enforcement cases on 3051 Northstead Drive; one case on 3142 Northstead Drive; two cases on Plaintiff's neighbor at 905 Regatta and one case on Plaintiff's neighbor at 913 Regatta. (SSF No. 24.)

## III

## STANDARD FOR GRANTING SUMMARY JUDGMENT

Summary Judgment is appropriate under Rule 56(c) when the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See,* Fed. R. Civ. P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson, supra,* 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex, supra,* 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n* (9th Cir. 1987) 809 F.2d 626, 630.

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must "go beyond the pleadings" any by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, *supra,* 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e).)

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See, Matsushita, supra,* 475 U.S. at 587. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when] he [or she] is ruling on a motion for summary judgment." *Anderson, supra,* 477 U.S. at 255.

## IV

## DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT

Plaintiff alleges two causes of action for violation of the equal protection clause and conspiracy to violate the equal protection clause. Defendants are entitled to summary judgment as to each and every cause of action as there are no facts support any of the allegations contained in Plaintiff's complaint.

**A.     Plaintiff's Equal Protection Claim Fails as a Matter of Law**

Plaintiff alleges that selective enforcement of the nuisance code against him and not against his neighbors or similarly situated properties in his neighborhood results in a violation of the Equal Protection Clause of the Fourteenth Amendment. (*See,* ECF Doc. No. 17.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).

To succeed on a selective enforcement claim under the Equal Protection Clause of the Fourteenth Amendment, "a plaintiff must demonstrate that enforcement had a discriminatory effect and [that those enforcing the statute] were motivated by a discriminatory purpose." *Lacey v. Maricopa County,* (9th Cir. 2012) 693 F.3d 896, 920. "Discriminatory effect" requires a showing that others similarly situated were not prosecuted." *Id.* Plaintiff must "identify a similarly situated class against which the plaintiff's class can be compared." *Freeman v. Santa Ana* (9th Cir. 1995) 68 F.3d 1180, 1187. "Discriminatory purpose" requires that plaintiff show the City decided to enforce the law against plaintiff "on the basis of an impermissible ground such as race, religion or exercise of…. constitutional rights." *Lacey, supra,* 693 F.3d at 922.

Here, Plaintiff's equal protection claim fails under either the "discriminatory effect" or "discriminatory purpose" theory of liability. Initially, Plaintiff does not demonstrate that similarly situated properties suffered the same type of code violations that he was alleged to have violated, and therefore; Plaintiff fails to show a similarly situated class against which his alleged class can be compared. Plaintiff must do more than simply allege that his neighbors have had code violations in the past. (SSF No. 22.) Here, Plaintiff simply alleges that properties on Northstead Drive and Regatta Drive, including his neighbors have, in his opinion, had code violations on their properties in the past. (SSF No. 23.) Plaintiff has no information as to whether the City was informed of those code violations and has no evidence that the code violations even existed.

Moreover, Plaintiff fails to show that the City ignored any complaints of code violations in his neighborhood, or that the City failed to investigate any complaint it received. In fact, quite the opposite occurred. From 2016 to February 2020, the City opened twelve code enforcement cases for eight properties in Plaintiff's neighborhood including three cases on the property at 3051 Northstead Drive, one case on 3142 Northstead Drive, two cases on Plaintiff's neighbor at 905 Regatta Drive and one case on Plaintiff's neighbor at 913 Regatta Drive. (SSF No. 23, 24.) There is simply no evidence that the City targeted Plaintiff's property for code enforcement in an unlawful or unfair manner or that the code violation case against Plaintiff proceeded in an abnormal way. The City opened a code enforcement case on Plaintiff's property on July 2, 2018 after receiving a complaint through Sacramento City 311 about the lawn, a partial fence in the front yard, boats and vehicles, and junk in the yard. (SSF No. 12.) The case was assigned to code enforcement officer Michael Corral. (SSF No. 13.) In August 2018, Plaintiff received a notice and order packet which identified five issues on his property that made it a public nuisance. (SSF No. 14.) On August 24, 2018, the City recorded a notice of pending enforcement on the property with the Sacramento County Recorder's Office. (SSF No. 15.) Plaintiff filed a timely appeal and paid the $400 appeal fee. (SSF No. 16.) On the date of the appeal hearing, the City notified Plaintiff that the case was dismissed, and in January 2019 the City refunded Plaintiff his appeal fee of $400. (SSF Nos. 17, 18.) On

1  January 6, 2019, the City recorded a termination of the declaration of public nuisance on
2  Plaintiff's property with the Sacramento County Recorder's Office. (SSF No. 19.)
3     The undisputed facts of this case reveal that the City's code enforcement case against
4  Plaintiff was commenced upon a complaint and prosecuted in conjunction with the regular
5  course of business pursuant to City Code. There is no evidence to support Plaintiff's theory
6  that the City somehow violated his civil rights in prosecuting the code complaints its received.
7  Since there is no genuine issue of material fact, and Plaintiff cannot make a showing sufficient
8  to establish the elements necessary to prove selective enforcement, Defendants motion for
9  summary judgment must be granted.

**B.     Plaintiff's Procedural Due Process Claims Fails as a Matter of Law**

Imbedded in Plaintiff's first cause of action for violation of the equal protection clause are allegations that the City failed to provide him procedural due process. These claims, to the extent they can be read as a separate cause of action also fail as a matter of law.

"The Federal Due Process Clause imposes constraints on governmental decisions that deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth and Fourteenth Amendments." *Mathews v. Eldridge* (1976) 424 U.S. 319, 331. In order to comply with due process, the City must hold "some form of hearing" "before an individual is finally deprived of a property interest." *Id.* The hearing must be held at a meaningful time and in a meaningful manner, but the requirements for the hearing are flexible and depend on the particular situation. *Id* at 334. In considering whether the hearing process complies with due process the Court should consider (1) the private interest that will be affected by the government's action, (2) the risk of erroneous deprivation of such interest through the procedures used, (3) the probable value, if any of additional or different procedural safeguards and, finally, (4) the City's interest, including the function involved and the fiscal and administrative burden that the additional or different procedural requirement would entail. *Id.*

For code enforcement cases, the City's process is outlined in City Code Chapter 8.04 entitled the "nuisance code" which was adopted by City Council to provide a comprehensive method for the identification and abatement of certain public nuisances in the City. (SSF No.

1.) Public nuisance enforcement is complaint driven and starts when a citizen reports an issue to Sacramento City 311, the City's centralized call center. (SSF No. 2.) Complaints regarding residential properties are handled by the Community Development Department's Neighborhood Code Compliance Division. (SSF Nos. 3, 4.) A code enforcement officer is tasked with completing an initial investigation to determine if a violation exists on the subject property and if so, that officer may proceed to either issue a preliminary letter or a notice and order packet. (SSF Nos. 4, 5, 6.) The notice and order packet is written notification served on the property owner that certain conditions on their property constitute a public nuisance and mandates that the owner take corrective action within 30-days or the City will be authorized to perform abatement. (SSF No. 7.) Pursuant to Health and Safety Code sections 17980, and 17985, the City records a Notice of Pending Enforcement Proceeding or Action on the subject property at the time the notice and order packet is issued. (SSF No. 8.) Pursuant to City Code, upon the issuance of a notice and order packet the property owner has 30-days to appeal and pay the $400 appeal fee. (SSF No. 9.) The filing of an appeal automatically stays the 30-day voluntary abatement period and all enforcement action. (SSF No. 10.)

In this case, Plaintiff received a notice and order packet which identified five issues on his property that the City alleged constituted a public nuisance. (SSF No. 14.) Plaintiff filed a timely appeal, and prevailed. (SSF Nos. 16, 17.) The City refunded Plaintiff the appeal fee and cleared the recording on his property with the County Recorder's Office. (SSF Nos. 18, 19.)

The undisputed facts of this case reveal that Plaintiff was not deprived of a liberty or property interest, and the process by which the City enforces its nuisance code contains safeguards and requirements which meet all due process requirements. As such, Plaintiff has no case and Defendants are entitled to summary judgment.

**C.    Plaintiff's Conspiracy Claim Fails as a Matter of Law**

Plaintiff's second cause of action alleges conspiracy in violation of equal protection Defendant Jose Mendez.

"A civil conspiracy is a combination of two or more persons, who by some concerted

action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Vieuz v. East Bay Reg'l Park Dist.* (9th Cir. 1990) 906 F.2d 1330, 1343. To prove a civil conspiracy, the plaintiff must show that the conspiring parties "reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Id.* "To be liable, each participant of the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of Am. V. Phelps Dodge Corp.* (9th Cir. 1989) 865 F.2d 1539, 1541. To establish knowledge of and participation in a conspiracy, Plaintiff may rely on circumstantial evidence and from evidence of the defendant's actions. *See, United States v. Calabrese* (9th Cir. 1987) 825 F.2d 1342, 1348. Moreover, even if Plaintiff established knowledge of and participation in a conspiracy, he also must establish that an actual deprivation of his civil rights occurred for liability to attach. *Woodrum v. Woodward County, Okl* (9th Cir. 1989) 866 F.2d 1121, 1126.

Here, Plaintiff cannot show that there was an intent to accomplish some unlawful objective, nor can he show that a deprivation of his civil rights occurred. As outlined above, the City's code enforcement action against him was entirely legitimate and each of Plaintiff's claims fails as a matter of law, including this conspiracy claim.

## V.

## CONCLUSION

There is no evidence to support any of Plaintiff's claims against Defendants and this Court must grant summary judgment in Defendants favor.

DATED: December 1, 2020　　　　　　　　　SUSANA ALCALA WOOD,
　　　　　　　　　　　　　　　　　　　　　　　　City Attorney


By:  /s/ ANDREA M. VELASQUEZ
　　　**ANDREA M. VELASQUEZ**
　　　Senior Deputy City Attorney

　　　Attorneys for the CITY OF SACRAMENTO

**PROOF OF SERVICE**

CASE NAME:        Grant, Mark v. City of Sacramento, et al.
COURT:              Eastern District of California
CASE NUMBER:    2:19-cv-01495-MCE-CKD

I declare that:

I am employed in the County of Sacramento, California. I am over the age of eighteen years and not a party to this action; my business address is 915 I Street, Room 4010, Sacramento, CA 95814-2604. On the date executed below, I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

[X] **By United States Mail.** I enclosed the documents in a sealed envelope or a package addressed to the person(s) at the addresses listed below and (specify one):

(1) [ ] Deposited in a sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) [X] Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employee in the county where the mailing occurred. The envelope or package was placed in the mail at Sacramento, California addressed as follows:

Mark A. Grant
P.O. Box 191566
Sacramento, CA 95819

Certified Mail: 7019 2970 0001 5392 3042

I declare under penalty of perjury that the foregoing is true and correct, and that the declaration was executed on December 1, 2020, at Sacramento, California.

                          /s/ CHRISTINA L. WILL
                          CHRISTINA L. WILL