SUSANA ALCALA WOOD, City Attorney (SBN 156366)
**ANDREA M. VELASQUEZ, Senior Deputy City Attorney (SBN 249210)**
AVelasquez@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO, MICHAEL CORRAL, and JOSE MENDEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GRANT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL CORRAL; JOSE MENDEZ; CITY OF SACRAMENTO; and DOES 1 through 5,<br><br>　　　　　Defendants. | Case No.:  2:19-cv-01495-MCE-CKD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SUPRESS HIS DEPOSITION TRANSCRIPT** |

Defendants CITY OF SACRAMENTO ("City"), MICHAEL CORRAL, and JOSE MENDEZ (collectively "Defendants") submit the following opposition to Plaintiff's motion to suppress his deposition transcript.

**I**

**INTRODUCTION**

This case stems from the City's attempt to have Plaintiff remedy certain code violations that the City alleged were occurring on his property located at 909 Regatta Drive.  Plaintiff disagreed with the City's allegations of code violations and successfully appealed in an administrative proceeding.  After receiving reimbursement for all fees incurred, Plaintiff initiated litigation against the City and code enforcement officer Jose Mendez and code

enforcement manager Michael Corral alleging they violated his civil rights.

On July 31, 2020, Defendants took Plaintiff's sworn deposition testimony which was transcribed by a certified short-hand reporter and videotaped by a video operator. (See, ECF Doc No. 47-4, ex A.) On December 1, 2020, Defendants filed a motion for summary judgment relying upon Plaintiff's deposition testimony as evidence. (ECF Docs. 47, *et seq*.) Defendants lodged a full copy of Plaintiff's deposition transcript (condensed version) with their motion for summary judgment. (ECF Doc. No. 47-4.) The same day, Defendants served Plaintiff with their motion for summary judgment including the notice of lodgment of exhibits which contained the deposition transcript. (*See,* ECF Doc. No. 47-4 at p. 93.) Plaintiff failed to file an opposition or request an extension of time to Defendants' motion for summary judgment, and on January 8, 2021, the Court issued a Minute Order vacating the hearing date on Defendants' motion and taking the matter under submission without oral argument pursuant to L.R. 230(c). (See, ECF Doc. 49.) As such, Plaintiff is not entitled to be heard in opposition to Defendants' motion. (L.R. 230(c).)

In a blatant attempt to circumvent the consequences of failing to oppose Defendants' motion, Plaintiff now brings this instant motion to suppress his deposition transcript so that it cannot be relied upon at summary judgment. Plaintiff's motion should be denied for several reasons, the least of which being that he is not entitled to be heard in opposition to Defendants' motion for summary judgment. Additionally, Plaintiff failed to bring the motion promptly after receiving his deposition transcript, has failed to identify any errors or irregularities therein, and has failed to show that he requested to review and sign his deposition transcript at the time of the deposition. As such, Plaintiff's motion must be denied.

## II

### PLAINTIFF'S DEPOSITON TRANSCRIPT IS PROPERLY SUBMITTED

Plaintiff moves to suppress his deposition transcript pursuant to Federal Rule of Civil Procedure 32(d)(4), which states:

> An objection to how the officer transcribed the testimony – or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition – is waived unless a motion to suppress is made promptly after the error or irregularity becomes

known or, with reasonable diligence, could have been known.

In this case, the "officer" is the court reporter who transcribed the deposition after placing the witness under oath, *See* FRCP 28. Federal Rule of Civil Procedure 30(e) states:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

As a threshold matter, Rule 30(e) requires the party or deponent to request review of the deposition before the deposition itself is concluded. Here, Plaintiff did not request to review his deposition, and so cannot now object that he was not provided the opportunity to review his deposition. (See, ECF Doc. 47-4, Ex. A.) In Plaintiff's declaration filed in support of his motion, Plaintiff states that he was not provided notice "in compliance with Federal Rules of Civil Procedure 30" and "Defendant(s) deposition officer failed to provide [him] an opportunity to view the transcript in compliance with Federal Rules of Civil Procedure 30." However, Rule 30 does not provide that all deposition transcripts must be reviewed and signed by the deponent. Rather, Rule 30 provides the deponent be allowed 30 days to review the transcript and make changes "on request by the deponent." Therefore, even assuming that the deposition officer did not notify Plaintiff that his deposition was ready for review, Plaintiff cannot suppress his deposition transcript for failure to abide by Rule 30, when he failed to request to review his deposition transcript as described in Rule 30.

Moreover, even giving Plaintiff the benefit of his pro per status, and assuming he should have been notified of his opportunity to review his deposition despite not requesting such, Plaintiff has still failed to comply with Rule 30(e)(B) in that he fails to identify any changes in form or substance to the transcript with reasons. It is wholly unclear what part of Plaintiff's deposition is problematic to require the drastic remedy of suppression. Even an unsigned deposition is admissible where the witness was sworn because it is viewed as being just as reliable as a sworn affidavit. *In re Sunset Bay Associates v. Eureka Federal Savings and Loan Assn.*

(9th Cir. 1991) 944 F.2d 1503, 1509.  "Because there is no reason to believe that the sworn answers to questions are less reliable than an affidavit, to the extent that the content of the deposition testimony is otherwise admissible, that testimony should be admissible on summary judgment." *Ibid.*, citing Fed. R. Civ. P. 56(e).

Lastly, Plaintiff's motion should be denied for failing to bring it promptly upon discovering whatever inaccuracies he contends exist, if any.  Rule 32(d)(4) contemplates a motion to suppress be made "promptly" after the error to the deposition transcript becomes known, or "could have been known."  Here, Plaintiff was served with a copy of his deposition transcript on December 1, 2020 but he did not file his motion to suppress until almost two months later, on January 20, 2021, and after the time to oppose Defendants' motion for summary judgment had passed.

## III

## CONCLUSION

Plaintiff has failed to identify any legal justification to support suppression of his deposition transcript and his motion should be denied.  Plaintiff is not entitled to be heard in opposition to Defendants' motion for summary judgment which relied upon Plaintiff's deposition testimony.  Plaintiff failed to bring the motion promptly after receiving his deposition transcript, has failed to identify any errors or irregularities therein, and has failed to show that he requested to review and sign his deposition transcript at the time of the deposition.  As such, Plaintiff's motion must be denied.

DATED:  February 19, 2021

SUSANA ALCALA WOOD,
City Attorney

By:  /s/ ANDREA M. VELASWUEZ
**ANDREA M. VELASQUEZ**
Senior Deputy City Attorney

Attorneys for the CITY OF SACRAMENTO

# PROOF OF SERVICE

CASE NAME:        Grant, Mark v. City of Sacramento, et al.
COURT:            Eastern District of California
CASE NUMBER:      2:19-cv-01495-MCE-CKD

I declare that:

I am employed in the County of Sacramento, California. I am over the age of eighteen years and not a party to this action; my business address is 915 I Street, Room 4010, Sacramento, CA 95814-2604. On the date executed below, I served the following document(s):

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SUPRESS HIS DEPOSITION TRANSCRIPT

[X] **By United States Mail.** I enclosed the documents in a sealed envelope or a package addressed to the person(s) at the addresses listed below and (specify one):

(1) [ ] Deposited in a sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) [X] Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employee in the county where the mailing occurred. The envelope or package was placed in the mail at Sacramento, California addressed as follows:

Mark A. Grant
P.O. Box 191566
Sacramento, CA 95819

Certified Mail:   7018 0040 0000 2019 2088

I declare under penalty of perjury that the foregoing is true and correct, and that the declaration was executed on February 19, 2021, at Sacramento, California.

　　　　　　　　　　　　　　　　　/s/ CHRISTINA L. WILL
　　　　　　　　　　　　　　　　CHRISTINA L. WILL